Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEAR DANCE, INC.<br><br>Plaintiff,<br><br>vs.<br><br>ZOETOP BUSINESS CO., LTD, et al.,<br><br>Defendants. | Case No.: 2:22-cv-07730-SPG-MRW<br><u>Hon. Sherilyn Peace Garnett Presiding</u><br><br>**JOINT RULE 26(f) REPORT**<br><br>**Complaint Filed:**     10/24/2022<br>**Answer Filed:**          12/23/2022<br>**Trial (Proposed):**     03/19/2024<br><br>**SCHEDULING CONFERENCE**<br>Date:         02/15/2023<br>Time:         3:00 P.m.<br>**Courtroom: 5C** |

By and through their attorneys of record, who are set forth below, Plaintiff Bear Dance, Inc. ("Bear Dance" or "Plaintiff") and Defendants Zoetop Business Co., Ltd. and Shein Distribution Corporation (collectively "Defendants") have prepared and hereby submit this jointly signed Scheduling Conference report following the conference of counsel required by Federal Rule of Civil Procedures 16(b) and 26(f), Central District Local Rule 26-1 and this Court's Order setting a Scheduling Conference.

1. **STATEMENT OF THE CASE**

   Plaintiff's Contentions

   Plaintiff is a leading fashion company that established itself as a highly sought-after brand through strong market presence and significant resources spent in developing and promoting its own original brands, products and designs featured and offered in the nationwide fashion and apparel marketplace. Bear Dance is renowned for developing and producing in-demand fashion including through the creation of unique, eye-catching and colorful prints, designs and other decorative elements easily identifiable by consumers who recognize and love its unique work for their bold and distinctive nature. Bear Dance has differentiated itself from other brands operating within the same industry due in large part to its own creation, marketing, and sales of products featuring its distinctive artworks and display of these products on various social media platforms.

   Plaintiff demanded a jury trial in its Complaint. In said Complaint, Plaintiff has alleged that Defendants have engaged in infringing activity by creating, importing, manufacturing, distributing, purchasing, selling, and/or transferring apparel and fabrics which violate Plaintiff's copyrights in its designs (the "Subject Designs" in the operative Complaint). Plaintiff estimates that recoverable damages, including without limitation Defendants' disgorgeable profits, Plaintiff's actual damages, attorneys' costs, and pre-judgment interest on its copyright claim are likely in excess of $100,000.00. Plaintiff may alternately elect statutory damages, which would amount to up to $150,000 per instance of infringement.

   Defendant's Contentions

   Defendants dispute all of Plaintiff's material allegations. Defendants contend that the accused products are not substantially similar to the designs at issue, let alone virtually identical; Plaintiff will therefore be unable to prove copying as a matter of law. Defendants further contend that any damages attributable to the alleged infringement are far less than the estimate provided by Plaintiff and that, if

Plaintiff elects to recover statutory damages, such statutory damages would be minimal as Plaintiff will be unable to prove willfulness. Defendants have also pleaded numerous affirmative defenses, including independent creation and implied license.

2. **SUBJECT MATTER JURISDICTION**

This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq*. Accordingly, this Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

3. **LEGAL ISSUES**

Plaintiff's Contentions

The legal issues in this case involve Plaintiff's ownership of the copyright in the Subject Designs and Defendants' infringement thereof, including Defendants' access to the Subject Designs and the substantial similarities between the Subject Designs and the designs of the Subject Products. Legal issues concerning heightened damages for willful infringement are also present.

Defendants' Contentions

Defendants concur with Plaintiff's summary of the legal issues.

4. **PARTIES, EVIDENCE, ETC.**

The parties are Plaintiff Bear Dance, Inc. and Defendants Zoetop Business Co., Ltd., and Shein Distribution Corporation. Defendant Roadget Business Pte., Ltd. has been named in the Complaint but hast not yet been served. The Complaint also names Doe Defendants.

Should Defendants reveal in Initial Disclosures or discovery responses any garment manufacturers, vendors, or suppliers involved in the chain of alleged infringement of Plaintiff's Subject Designs, Plaintiff will move to add such entities as parties to this action in place of Doe Defendants.

Plaintiff has no parents, subsidiaries, or affiliates that are implicated in this litigation.

Defendant's Contentions

Percipient witnesses that Defendants intend to seek testimony or documents from include: (1) the actual designer(s) of each of Plaintiff's claimed registered works; (2) people involved in printing, milling, or manufacturing Plaintiff's designs, including, especially, any mills or third-party trading companies that Plaintiff provided its designs to, so that the designs could be printed onto fabric in China; (3) individuals, whether employed by Plaintiff or who work for Plaintiff's customers or suppliers, with direct knowledge of how Plaintiff typically values its artwork; (4) Plaintiff's owner or other principal; (5) a corporate representative of Plaintiff; and (6) witnesses employed by or who represent Defendants.

Relevant documents and things that will be sought in discovery include: (1) the *exact* "deposit copy" that was submitted to the Library of Congress as part of Plaintiff's copyright registration application, for each of the copyright(s)-in-suit, and other documentation related to the application and registration of Plaintiff's works; (2) documents and other things from the actual designer(s) of Plaintiff's claimed registered works, evidencing who purportedly created something original, when, and how they did so; (3) documents and other things from people involved in printing, milling, or manufacturing Plaintiff's designs, including, especially, any mills or third-party trading companies that Plaintiff provided its designs to, so that the designs could be printed onto fabric in China; (4) documents and other things from individuals, whether employed by Plaintiff or who work for Plaintiff's customers or suppliers, with direct knowledge of how Plaintiff typically values its artwork; and (5) other documents from Plaintiff that relate to proving copying or access, and to proving damages.

/ / /

/ / /

### 5. DAMAGES

Plaintiff's Contentions

Pursuant to 17 U.S.C. § 501 et seq., Plaintiff is entitled to damages resulting from its (1) actual damages, (2) any additional profits realized by the Defendants, and (3) any further economic advantage realized by the Defendants through their infringement.

Plaintiff was denied profits it would have realized had it been lawfully hired to print the infringing fabric. Plaintiff will calculate lost profits damages after discovery.

Defendants' Contentions

If liability were otherwise established, Defendants estimate that Plaintiff's own "actual damages" would be zero. Which is to say that plaintiffs in cases like this one are often unable to demonstrate that defendants' alleged infringement caused the plaintiff any demonstrable direct harm whatsoever.

Which is why plaintiffs in cases like this one typically seek *disgorgement* of the *defendant's* profits "that are *attributable to the infringement*" (*see* 17 U.S.C. § 504(b)(1)) (emphasis added). In garment cases like this one, most of a defendant's profits are *not* going to be "attributable to the infringement". Which is to say the profits were earned not because there was allegedly infringing artwork on the garment, but because the garment had a nice silhouette, the fabric was desirable, the color was on trend, the price point was right, the marketing was effective, etc. Thus, the portion of a defendant's products "attributable to the infringement" are typically a small slice of the defendant's total profits on any allegedly infringing garment.

Alternatively, and assuming timely and valid registration, a plaintiff may elect to recover statutory damages, instead of seeking disgorgement of the defendant's profits or actual damages. Defendants contend that statutory damages in this case could be as low as $750 per work (for non-willful infringement), or

even $200 per work (for innocent infringement), multiplied by a maximum of nine separate works at issue.

Defendants contend that the Copyright Act does not provide for the recovery of "further economic advantage realized by the Defendants through their infringement."

**6. INSURANCE**

Plaintiff's Contentions

Plaintiff does not have insurance coverage for the claims at issue.

Defendant's Contentions

Defendants are not aware of any insurance that would cover the claims at issue.

**7. MOTIONS**

**a) Procedural Motions**

Plaintiff's Contentions

Plaintiff may wish to move to add additional defendants, should discovery reveal the involvement of currently unknown parties in the chain of infringement of Plaintiff's proprietary designs. It is likely an initial round of discovery will need to be obtained in order to discern the identities of these defendants.

Defendants' Contentions

In the event that material errors are found in any of Plaintiff's copyright registration applications, it is possible that Defendants would make a motion pursuant to 17 U.S.C. § 411(b)(2), which provides that in certain circumstances "the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration."

Another non-dispositive motion that Defendants may bring would be one to obtain testimony from Plaintiff's designer of the works at issue, if that designer resides out of the United States and if Plaintiff refuses to produce him or her voluntarily.

### b) Dispositive Motions

<u>Plaintiff's Contentions</u>

Plaintiff anticipates filing a Motion for Partial Summary Judgment for Liability as to Defendants for copyright infringement by the deadline for dispositive motions.

<u>Defendants' Contentions</u>

Defendants anticipate filing a motion for summary judgment challenging substantial similarity, in which they argue that Plaintiff cannot meet the Ninth Circuit's "extrinsic test" for substantial similarity. Depending on how promptly and appropriately Plaintiff answers interrogatories articulating *exactly what* it is claiming as original authorship, and providing related documents, this motion could be brought well before the close of fact discovery.

### c) Class Certification Motion

Not applicable.

## 8. MANUAL FOR COMPLEX LITIGATION

The parties do not believe the Manual for Complex Litigation will be necessary for this action.

## 9. DISCOVERY

### a) Status of Discovery

The parties have yet to engage in an initial round of discovery but plan to do so by end of February 2023.

### b) Discovery Plan

The parties anticipate using all discovery allowed under the Federal

Rules, including depositions, requests for documents, interrogatories and requests for admissions, and potentially entering into an appropriate stipulated protective order. The parties do not propose changes to the limitations on discovery imposed under the Federal Rules or the local rules.

The parties reserve all objections to discovery propounded even if the subject matter is identified below. Further, the parties reserve all rights to seek discovery outside of the subject matter identified below.

The parties agree to meet and confer over electronic discovery issues at the time any such disputes arise, including the form or production of electronic information and scope of any such electronic discovery. The parties also anticipate that each party (or a corporate representative thereof), as well as third parties, will need to be deposed, and that said depositions shall take place after an initial round of written discovery. The parties anticipate these depositions being taken during the discovery period.

The parties agree to stipulate to and file a protective order regarding the disclosure of confidential information and documents in discovery.

<u>Plaintiff's Contentions as to Subject Matter of Discovery</u>

Plaintiff anticipates seeking sales and distribution information, including without limitation information concerning sales receipts, store-by-store asset allocation, profits attributable to the product at issue, as well as the development and authorship of the accused designs at issue.

<u>Defendants' Contentions</u>

Defendants anticipate using the discovery mechanisms allowed under the Federal Rules and entering into an appropriate stipulated protective order, and investigating all of the witnesses and subjects discussed above in Section (E).

Defendants do not anticipate that this is a case involving significant ESI issues, at least with respect to what they intend to request from Plaintiff or what they think it would appropriate for Plaintiff to request from Defendants.

Defendants' main concern with respect to discovery issues that might affect case timing is that it is possible that this case could involve needing to take testimony from witnesses who reside overseas, and who Plaintiff may be unable or unwilling to produce voluntarily, such as the designer(s) of the copyrights in suit, who often reside in Europe and Asia and may or may not work for the Plaintiff company.

c) **Discovery Cut-off**

*See* Proposed Dates on Exhibit A for applicable discovery deadlines.

d) **Expert Discovery**

*See* Proposed Dates on Exhibit A for applicable discovery deadlines.

e) **Settlement Conference/Alternative Dispute Resolution (ADR)**

The parties are amenable to using Central District Settlement Procedure No. 3 under Local Rule 16-15.4.

f) **Trial**

   i) **Trial Estimate**

   The parties estimate the trial in this matter to last **between 4-5 court days.**

   ii) **Jury or Court Trial**

   Plaintiff and Defendants have each requested a jury trial.

   iii) **Consent to Trial Before a Magistrate Judge**

   The Parties do not stipulate to the trial of this case before a magistrate judge.

   iv) **Lead Trial Counsel**

   Plaintiff's Counsel

Plaintiff's Trial Counsel: Stephen M. Doniger, Scott Alan Burroughs, Trevor W. Barrett

<u>Defendants' Counsel</u>

Morgan E. Pietz (lead), Cyrus E. Shahriari, and Thomas P. Burke Jr.

**g) Independent Expert or Master**

The parties presently do not believe this case requires the Court to appoint a master pursuant to Rule 53 or an independent scientific expert.

**h) Other Issues**

The Parties have proposed a trial date approximately 13 months from the Scheduling Conference. After initially considering a trial date 12 months from the Scheduling Conference, as per the instructions on the Court's worksheet, the Parties realized that would have resulted in the first round of trial filings occurring on December 27, 2023. Accordingly, the Parties respectfully request a trial date in March 2024, so as to allow the Court to fully consider their trial filings while also avoiding major conflicts with the winter holidays.

The Parties do not contemplate that any other issues will affect or complicate the status or management of this case.

///
///
///

WHEREUPON, the parties, by and through their respective attorneys of record, hereby jointly submit this Joint Report.

Respectfully submitted,

Dated: February 1, 2023   By:   /s/ *Trevor W. Barrett*
                                Stephen M. Doniger, Esq.
                                Scott Alan Burroughs, Esq.
                                Trevor W. Barrett, Esq.
                                DONIGER / BURROUGHS
                                Attorneys for Plaintiff

Dated: February 1, 2023   By:   /s/ *Thomas P. Burke, Jr.*
                                Morgan E. Pietz, Esq.
                                Thomas P. Burke Jr., Esq.
                                PIETZ & HAHRIARI, LLP
                                Attorneys for Defendants

The undersigned attests that all signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: February 1, 2023   By:   /s/ *Trevor W. Barrett*